Salvador **HERNANDEZ**, Petitioner—
Appellant,

v.

Vern **SMITH**, Respondent—Appellee.

No. 02–56608.

United States Court of Appeals,
Ninth Circuit.

Submitted March 30, 2004.*

Decided April 5, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Stephen Lathrop, Torrance, CA, for Petitioner–Appellant.

Michael C. Keller, Esq., AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: D.W. NELSON, FERNANDEZ, and KLEINFELD, Circuit Judges.

## MEMORANDUM**

Salvador Hernandez appeals the district court's dismissal of his petition for habeas corpus relief. We affirm the district court's conclusion that the California Court of Appeal's adjudication did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ The prosecution's delay in turning over the notes of an investigating officer until midway through trial did not violate *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Hernandez is unable to show any prejudice resulting from the prosecutor's delay. *See Strickler v. Greene,* 527 U.S. 263, 281–82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999) (outlining the three components of a successful *Brady* claim, the third of which is prejudice). The prosecutor turned over the notes immediately upon her discovery of their existence, before the defense had even started to present its case. Furthermore, the trial judge permitted the defense to recall any of the prosecution witnesses who had already testified, and also gave the defense the weekend to interview any new witnesses who may have been identified by the notes. Defense never requested any additional time for this investigation. Accordingly, the state court accurately applied federal law in dismissing Hernandez's *Brady* claim.

■ Trial counsel's decision not to introduce expert testimony regarding the inconclusive nature of the fingerprints found at the scene of the crime did not amount to ineffective assistance of counsel. Hernandez fails to overcome the high degree of deference that courts are required to accord to counsel's strategic decisions in evaluating ineffective assistance of counsel claims. *See Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There is a strong presumption that challenged actions were sound trial strategy. *Id.* Hernandez has presented no evidence to rebut this presumption. There are several potentially sound tactical reasons for defense counsel's decision to forego having his fingerprint expert testify. Defense counsel may have believed the expert witness's equivocal testimony would do more harm than good. He may have

been concerned that the prosecutor would capitalize on rebuttal as an opportunity to expound on her own expert's opinion. Given these potentially sound rationales, the state court reasonably applied federal law when it concluded that the defense counsel's decision not to present the expert witness was a reasonable tactical choice to which the court must defer.

Finally, there was no prosecutorial misconduct committed during the prosecutor's closing argument. The prosecutor focused on the fact that the defense did not present expert testimony on the fingerprints, arguing before the jury that, "If there was any expert to back up all this smoke and mirrors, the defense would have called that expert." This argument fails on both procedural and substantive grounds.

■ Procedurally, Hernandez waived this argument because he failed to object and request a curative admonition at trial. *See People v. Samayoa,* 15 Cal.4th 795, 841–42, 64 Cal.Rptr.2d 400, 938 P.2d 2 (1997). Because Hernandez failed to establish cause and prejudice, the claim is procedurally defaulted. *See Gray v. Netherland,* 518 U.S. 152, 162, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996).

■ Hernandez's claim also fails on the merits. The prosecutor's closing argument comes nowhere near comments that "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo,* 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). *See also U.S. v. Lopez–Alvarez,* 970 F.2d 583, 595–96 (9th Cir. 1992) ("a prosecutor may properly comment upon the defendant's failure to present exculpatory evidence, as long as it is not phrased to call attention to defendant's own failure to testify.") (internal citations and quotations omitted). The state court

reasonably concluded that the prosecutorial misconduct claim lacked merit.

**AFFIRMED.**